UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TYRONE WALTON                                                              CIVIL ACTION

VERSUS                                                                            NO. 11-1819

E S & H, INC.                                                                     SECTION  "N"  (2)

### ORDER AND REASONS

Before the Court is a Motion to Dismiss (**Rec. Doc. 139**), filed by Mike Huval Insurance Agency, LLC.  Although the motion was filed pursuant to Rule 12(b)(6), both sides have submitted materials outside the pleadings.  *See* Rec. Docs. 139-2, 139-3, 150-1, 150-2. Therefore, on July 11, 2013, the Court gave the parties notice that it would treat the motion as one for summary judgment under Rule 56.  (Rec. Doc. 160).

### I. BACKGROUND:

This action was commenced when plaintiff Tyrone Walton sued ES&H, Inc. for personal injuries allegedly sustained on July 27, 2010, near Grand Isle, Louisiana, when the *M/V Atchafalaya Princess* came into contact with a moored vessel, the *M/V Miss Katelyn* (later identified as the *M/V Outboat*) as the *Atchafalaya Princess* came into dock.  Walton alleges that he was aboard the *Miss Katelyn* (or *Outboat*) at the time the vessels allegedly made contact.

ES&H then filed a third-party complaint against McGee's Landing, Inc. ("McGee's Landing"), as the owner/operator of the *Atchafalaya Princess*, alleging that Walton's injuries, if

any, were caused by McGee's failure to maintain the *Atchafalaya Princess* in a safe and seaworthy manner, its failure to provide competent boat operators, and other acts of negligence.[1] *See* Rec. Doc. 9. Shortly thereafter, on December 15, 2011, McGee's Landing's insurer, Markel American Insurance Company ("Markel"), filed a complaint in intervention seeking a declaratory judgment decreeing that the policy for the period and vessel in question precludes coverage for Walton's claims. *See* Rec. Docs. 24, 25, 29. Nearly one year later, on December 12, 2012, McGee's Landing filed an answer to Markel's complaint, which included a third-party demand against Mike Huval Insurance Agency, LLC ("Huval"), the insurance agent who procured for McGee's the Markel policy. *See* Rec. Doc. 93. McGee's alleges that if the Markel policy fails to provide coverage for Walton's claims, then Huval is liable to McGee's for any liability charged to McGee's for such claims because Huval was negligent in failing to provide correct and adequate advice regarding coverage for the *Atchafalaya Princess* and failing to provide a proper insurance policy, among other things. *Id.*

In the instant motion, Huval seeks dismissal of McGee's claims relating to the Walton suit on grounds that they are time-barred under the one-year peremptive period established in Louisiana Revised Statute section 9:5606.[2]

---

[1] ES&H also sued Florida Marine, LLC, as an owner/operator of the *Atchafalaya Princess*. However, both ES&H and plaintiff later dismissed their claims against Florida Marine. *See* Rec. Docs. 58, 66. Walton also dismissed his claims against ES&H and amended his complaint to add McGee's as a defendant. *See* Rec. Docs. 53, 59, 60.

[2] Both the Markel intervention and the third-party complaint against Huval address, in addition to the Walton matter, coverage for the claims of one Dr. Gary Parker against McGee's, asserted in *Parker v. Double B Boats, LLC, et al* (Civ. Action No. 164450) (32nd Jud. Dist. Ct.), alleging property damage to Parker's vessel the *Look at Dat*, which was allegedly struck by the *Atchafalaya Princess*. However, the instant motion does not address the Parker claims.

## II. LAW AND ANALYSIS:

The time limits for commencing actions against insurance agents are found in Louisiana Revised Statute section 9:5606, which provides:

> **§ 5606. Actions for professional insurance agent liability**
>
> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or **within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.** However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
>
> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
>
> D. The one-year and three-year periods of limitation provided in Subsection A of this Section **are peremptive periods** within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, **may not be renounced, interrupted, or suspended.**

La. Rev. Stat. § 9:5606 (emphasis added). Huval argues that this one-year peremptive period began to run on October 13, 2011, at the latest, when McGee's received a "reservation of rights" letter from Markel explaining that although there "may not be coverage available to McGee's for claims asserted," Markel had "decided to provide a defense to McGee's under a reservation of

3

rights subject to the coverage defenses set forth" in the letter. *See* Rec. Doc. 139-2. The letter explained that "because Florida Marine [the charterer of the *Atchafalaya Princess*] is not an Insured Person and the Policy specifically excludes coverage for liability assumed by McGee's under any contract, Markel will not provide a defense or indemnity coverage to Florida Marine." *Id.* at 3. The letter further explained that "[b]ased on the allegations in the pleadings, it appears that the vessel involved was operated outside of the navigational limits of the Policy" and that "the vessel may not have complied with the warranties set forth in the policy." *Id.* Huval argues that this letter plainly put McGee's on notice that there was a coverage dispute and that the insurance agent might not have secured the desired coverage.

      In opposition, McGee's argues: (1) that the letter is too vague and inconclusive to have put McGee's on notice regarding any negligent act or omission by Huval; and (2) that McGee's was "lulled into complacency" by Huval, who continued to maintain that Markel owed McGee's coverage even after the Markel letter was received. Neither of these arguments can save McGee's from the operation of peremption.

      First, despite the language highlighted by McGee's (*e.g.*, "we [the attorneys for Markel] are still in the process of...completing our coverage analysis"], the reservation of rights letter is quite plain in stating Markel's position that it was disputing coverage for Walton's claims. The letter goes further in identifying several provisions that appeared to exclude coverage, based upon the pleadings. This was more than sufficient to put McGee's on notice that there was a coverage dispute and that Huval may not have secured the coverage that McGee's had requested

4

and may have been wrong in representing the extent of coverage.  *See Ruth U. Fertel, Inc. v. Executive Risk Specialty Ins. Co.,* 2001 WL 617545 at *3 (E.D. La. 2001) (Clement, J.) (rejecting insured's argument that reservation-of-rights letter was insufficient to put insurer on notice because it "neither definitively refused to provide a defense nor specifically denied coverage for any indemnity claim, but merely indicated that it would provide a defense under a reservation of rights" and finding that the letter triggered the one-year peremptive period).   Any act, omission, or neglect by Huval relating to the Walton claims reasonably should have been discovered by October 13, 2011, upon McGee's receipt of the Markel reservation-of-rights letter.  Based upon the evidence submitted, no reasonable jury could find otherwise.

Second, the argument that McGee's was "lulled into complacency" (by Huval's continued position that Markel owed McGee's coverage) must be rejected as contrary to the very nature of peremption.  Being lulled into inaction by the continued advice of the defendant is a classic instance of *contra non valentum*, which does not and cannot apply to suspend the commencement of peremptive periods.  *See, e.g., Jenkins v. Starns*, 85 So.3d 612, 623-28 (La. 2012).  Thus, for purposes of section 9:5606, it is simply immaterial whether Huval continued to advise McGee's that the Markel policy provided coverage.

Therefore, the one-year peremptive period of section 9:5606 was triggered on October 13, 2011, when McGee's received the reservation-of-rights letter from Markel.  Given that McGee's did not file its action against Huval until December 12, 2012, the Court finds that the action is time-barred under the one-year peremptive period of La. Rev. Stat. § 9:5606.  Accordingly,

**IT IS ORDERED** that the Motion to Dismiss **(Rec. Doc. 139)**, filed by Mike Huval Insurance Agency, LLC., is hereby **GRANTED**, and the claims of McGee's Landing, Inc. against Mike Huval Insurance Agency, LLC, relating to the claims of Tyrone Walton are hereby **DISMISSED**.

New Orleans, Louisiana, this  24th   day of July, 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**